UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSS IVAN SOMMERS,

        Plaintiff,

v.

DR. D. BRIGHT, et al.,

        Defendants.

        /

No. C 15-1047 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, an inmate at Correctional Training Facility, has filed an amended pro se civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the amended complaint is DISMISSED with leave to amend.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In Plaintiff's original complaint, Plaintiff complained that he received and was found guilty of a Rules Violation Report for failing to submit to a urine test.  Plaintiff argues that he was ordered to submit a urine sample, but he was unable to urinate due to a medical issue.  Upon initial screening, this court pointed out several deficiencies within Plaintiff's complaint, resulting in a dismissal with leave to amend.  Specifically, the court could not determine what Plaintiff's constitutional claims were.  The court warned Plaintiff that, in order to seek redress under Section 1983, a plaintiff must assert the violation of a federal "right," and that it must be clear from the face of Plaintiff's complaint that there is a federal question.  The court also informed Plaintiff that, in order to state an Eighth Amendment claim, Plaintiff must allege facts which, when liberally construed, show that:  (1) the deprivation alleged is objectively, sufficiently serious, and (2) the prison official possessed a sufficiently culpable state of mind.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The court further told Plaintiff that he must properly link each Defendant's actions or inactions with Plaintiff's claims to demonstrate that the Defendant's actions both actually and proximately caused the deprivation of a federally protected right.  Finally, the court stated what Plaintiff needed to allege if Plaintiff was attempting to raise a claim of supervisory liability.

Plaintiff has not cured these deficiencies in his amended complaint.  In fact, Plaintiff has named completely new Defendants in his amended complaint, but still has not properly linked any of the Defendants to a cognizable claim for relief.  In Plaintiff's amended complaint, he states that he suffers from chronic pain due to spinal problems.  Prison physicians have prescribed Plaintiff morphine.  Plaintiff believes that LVN Elias falsely accused plaintiff of diverting the morphine in an attempt to cover up the fact that she had used improper language toward him in an unprofessional manner.  On some unspecified date thereafter, a pain management committee decided to discontinue the morphine.  Although the pain management committee did not state that LVN Elias' accusation was the reason for discontinuing Plaintiff's morphine, it is Plaintiff's belief that the reason his

morphine was discontinued was because of LVN's false accusation.  Plaintiff states that the day before the pain management committee discontinued Plaintiff's morphine prescription, Plaintiff's primary care physician, Dr. Mindoro, had increased the dosage from 15 to 30 mgs.

In order to state a claim for deliberate indifference to serious medical needs, a plaintiff must proffer facts to demonstrate: (1) a serious medical need, and (2) the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *See Farmer*, 511 U.S. at 837.  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, Plaintiff names as Defendants:  Dr. Bright, LVN Elias, Dr. Mindoro, Dr. Posson, Dr. Kalisher, and J. Lewis.  Plaintiff does not provide any facts to suggest that any of these Defendants was responsible for discontinuing Plaintiff's morphine prescription, or that any one of them did so knowing that Plaintiff faced a substantial risk of serious harm without the morphine prescription.  Although Plaintiff suggests that LVN Elias lied about Plaintiff trying to divert the morphine in order to cover up her own misconduct, Plaintiff does not provide a facts leading to a reasonable inference that she actually caused the discontinuation of Plaintiff's morphine prescription, or that she did so knowing that Plaintiff faced a substantial risk of serious harm without the morphine.

Accordingly, Plaintiff has failed to state a claim for relief.  The amended complaint is DISMISSED.  Although Plaintiff did not cure all the deficiencies as stated in the court's

previous order, it appears that Plaintiff may still be able to amend his complaint to state a cognizable claim for relief. Therefore, the court will give Plaintiff one last opportunity to amend his complaint to state a claim for relief.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original and supplemental complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. **Failure to file a second amended complaint within the designated time and in compliance with this order will result in the dismissal of this action.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 13, 2016.

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Sommers047dwla2.wpd